GREGORY L. WILDE, ESQ.
Nevada Bar No. 4417
**WILDE & ASSOCIATES**
212 S. Jones Blvd.
Las Vegas NV 89107
Telephone: (702) 258-8200
Facsimile: (702) 258-8787
E-mail: fedde@wildelaw.com
Attorney for Plaintiff/Counterdefendant
U.S. BANK, N.A.

E-filed on: _____

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| US BANK NA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY TENNER,<br><br>Defendant.<br><br>And Related Actions. | Case No.: 2:10-cv-00279-JCM-RJJ<br><br>**OPPOSITION TO COUNTERCLAIMANT'S MOTION FOR ENTRY OF DEFAULT ON COUNTERCLAIM**<br><br>**AND**<br><br>**COUNTERMOTION TO DISMISS COUNTERCLAIM** |

COME NOW Plaintiff/Counterdefendant U.S. BANK, N.A. (hereinafter the "Plaintiff" or "Counterdefendant" or "US BANK"), by and through its counsel of record, Gregory L. Wilde, Esq. of Wilde & Associates, and files its Opposition to Counterclaimant's Motion for Entry of Default on Counterclaim. US BANK also files its Countermotion to Dismiss Counterclaim pursuant to FRCP 12(b)(6), 8(a), and 9(b).

///

///

- 1 -

This Opposition and Countermotion are made and based upon the papers and pleadings on file herein, the Memorandum of Points and Authorities, the attached documents, and any other additional information or oral argument as may be requested by the Court.

DATED this 13th day of April, 2010.

**WILDE & ASSOCIATES**

*/s/ R. Solvat*

GREGORY L. WILDE, ESQ.
Nevada Bar No. 4417
KEVIN S. SODERSTROM, ESQ.
Nevada Bar No. 10235
212 S. Jones Blvd.
Las Vegas NV 89107
Attorney for Plaintiff/Counterdefendant
U.S. BANK, N.A.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

On March 3, 2010, Defendant/Counterclaimant JEREMY TENNER (hereinafter the "Defendant" or "Counterclaimant") filed purported proof of service of the Summons on US BANK [DE 6] by leaving a copy of the Summons at the offices of Wilde & Associates. The purported service does not indicate what documents, if any, other than the Summons were served.

On March 26, 2010, the Counterclaimant filed his Motion and Affidavit for Entry of Default on Counterclaim [DE 9] (hereinafter the "Counterclaimant's Motion"). Attached to the Counterclaimant's Motion is a copy of a "Counter Claim and True Bill". *See* p. 10 of DE 9. The allegations in the Counterclaim consist entirely as follows:

///

///

> "1. Plaintiff is alleging that the value of the property which Plaintiff is trying to take under this action to be $244,611.95.
>
> 2. Since this is a fraudulent claim with knowledge of the law (see Title 42 of United States Code for knowledge of the law ... an attorney has knowledge of the law), I, Jeremy Tenner invoke the law contained in the Holy Bible as to the Old Testament assessment of damages which is restoration of original claim plus three (3) times the value of original.
>
> True Bill in Commerce
>
> $244,611.95
> +733,835.85
> $978,447.80
>
> Demand is now made upon Plaintiff for $978,447.80 to be paid over immediately upon this demand.
>
> 3. Justification for the counterclaim lies in the well known maxim that one who perpetrates fraud ought not to profit from their crime."

## II.

## RELEVANT LAW

**A. APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE AND STANDARD OF REVIEW**

1. FRCP 12(b)(6), 8(a), and 9(b)

When a complaint or counterclaim fails to state a claim upon which relief can be granted by the court, the party against whom the claims have been brought may move the court to dismiss those claims. Rule 12(b) of the Federal Rules of Civil Procedure states, in relevant part:

> "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> ...
>
> (6) failure to state a claim upon which relief can be granted;"

The Supreme Court of the United States recently offered valuable guidance with respect to motions to dismiss pursuant to FRCP 12(b)(6) in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), stating:

"Federal Rule of Civil Procedure 8(a)(2) requires only ' a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) **(on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'). Factual allegations must be enough to raise a right to relief above the speculative level,** see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) (' [T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"),[FN3] **on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact)...**" *Id.* at 555, 1964-65.

(Emphasis added.)

Furthermore, according to Moore's Federal Practice, (3d ed. 2006) Vol. 2 ¶ 12.34[4][a], [b]:

"Dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief... Dismissal under Rule 12(b)(6) may also be appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint."

In *Marder v. Lopez*, 450 F.3d 445 (2006), the Ninth Circuit Court of Appeals stated:

"Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint. *See Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1141 n. 5 (9th Cir.2003). A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *See Branch v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir.2002); *see also Warren,* 328 F.3d at 1141 n. 5. *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 n. 3 (2d Cir.2002). The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).' *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir.2003)." *Id.* at 448.

WILDE & ASSOCIATES
212 S. Jones Blvd
Las Vegas NV 89107
Tel 258-8200 Fax 258-8787

In *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court recently stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Id.*, at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955." *Id.* at 1949.

(Emphasis added.)

The *Ashcroft* Court further stated:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2)." *Id.* at 1950.

(Emphasis added.)

Prior to the United States Supreme Court's decision in *Twombly*, it had been "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief", as first stated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). However, the *Twombly* Court stated:

> "The 'no set of facts' language has been questioned, criticized, and explained away long enough by courts and commentators, and is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Conley* described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Twombly* at 1959-60.

FRCP 8(a) states:

///

- 5 -

"(a) **Claim for Relief.** A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief."

Regarding the requirements of FRCP 8, the United States Supreme Court recently stated the following in *Ashcroft*:

"As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, **the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.** *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' *Id.*, at 557, 127 S.Ct. 1955.'...Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation' (internal quotation marks omitted))." *Id.* at 1949-50.

(Emphasis added.)

FRCP 9(b) states:

"(b) **Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

With respect to FRCP 9(b) and fraud-based causes of action, in *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (2003), the Ninth Circuit Court of Appeals stated:

///

- 6 -

"Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud 'be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.' ' *Bly-Magee*, 236 F.3d at 1019 (quoting *Neubronner v. Milken* 6 F.3d 666, 672 (9th Cir.1993)). **Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.** *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997) (internal quotation marks omitted). **'[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'** *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir.1994)." *Id.* at 1106.

(Emphasis added.)

The *Vess* Court further stated:

**"When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim.** We recognize that there is no explicit basis in the text of the federal rules for a dismissal of a complaint for failure to satisfy Rule 9(b), but it is established law in this and other circuits that such dismissals are appropriate. *See, e.g., Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001) ('[T]he complete absence of particularity in Bly-Magee's first amended complaint fails to satisfy Rule 9(b). We therefore affirm the district court's dismissal ....' (citation omitted)); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1424 (3d Cir.1997) ( '[W]hile dismissal on Rule 12(b)(6) alone would not have been proper, the dismissal on Rule 9(b) grounds was.'); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1021 (5th Cir.1996)..." *Id.* at 1107.

(Emphasis added.)

### III.

### ARGUMENT

A. **THE COUNTERCLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

The Counterclaim, which sets forth only three paragraphs of supporting allegations, fails to state any claim upon which relief can be granted against US BANK. Not only does the Counterclaim not satisfy the less onerous pleading requirements of FRCP 8(a), it clearly also does not satisfy the heightened requirements of FRCP 9(b). In the instant matter, the heightened requirements of FRCP 9(b) are applicable, as the Counterclaimant has stated that the

- 7 -

Counterclaim "is a fraudulent claim" and that "[j]ustification for the counterclaim lies in the well known maxim that one who perpetrates fraud ought not to profit from their crime". See Counterclaim, paras. 2-3.

The Counterclaim does not contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' See *Ashcroft* at 570. Instead, the Counterclaimant has set forth a bare the-counterdefendant-unlawfully-harmed-me accusation.

To reiterate, the *Vess* Court stated:

> "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud 'be 'specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.' ' *Bly-Magee*, 236 F.3d at 1019 (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir.1993)). **Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.** *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997) (internal quotation marks omitted). '[A] **plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.**' *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir.1994)." *Id.* at 1106.

(Emphasis added.)

The *Vess* Court further stated:

> "**When an entire complaint, or an entire claim within a complaint, is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim.** We recognize that there is no explicit basis in the text of the federal rules for a dismissal of a complaint for failure to satisfy Rule 9(b), but it is established law in this and other circuits that such dismissals are appropriate. *See, e.g., Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir.2001) ('[T]he complete absence of particularity in Bly-Magee's first amended complaint fails to satisfy Rule 9(b). We therefore affirm the district court's dismissal ....' (citation omitted)); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1424 (3d Cir.1997) ( '[W]hile dismissal on Rule 12(b)(6) alone would not have been proper, the dismissal on Rule 9(b) grounds was.'); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1021 (5th Cir.1996)..." *Id.* at 1107.

(Emphasis added.)

The Counterclaim simply does not state any claim upon which relief can be granted. Besides failing to state any plausible claim for relief against US BANK and failing to satisfy the heightened pleading requirements for fraud-based claims for relief, the Counterclaim does not even satisfy the most basic notice requirements such that US BANK could know the nature of the allegations against it. Therefore, not only is denial of the Counterclaimant's Motion for Entry of Default on Counterclaim warranted, but dismissal of the Counterclaim in its entirety is also appropriate.

## IV.
## CONCLUSION

Based on the foregoing, US BANK request that the Counterclaimant's Motion for Entry of Default on Counterclaim be denied in its entirety and that the Counterclaim be dismissed in its entirety with prejudice pursuant to FRCP 12(b)(6), 8(a), and FRCP 9(b).

DATED this 13th day of April, 2010.

WILDE & ASSOCIATES

_____
GREGORY L. WILDE, ESQ.
Nevada Bar No. 4417
KEVIN S. SODERSTROM, ESQ.
Nevada Bar No. 10235
212 S. Jones Blvd.
Las Vegas NV 89107
Attorney for Plaintiff/Counterdefendant
U.S. BANK, N.A.

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2010, I electronically transmitted the above OPPOSITION TO COUNTERCLAIMANT'S MOTION FOR ENTRY OF DEFAULT ON COUNTERCLAIM and COUNTERMOTION TO DISMISS COUNTERCLAIM to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

I further certify that on this 13th day of April, 2010, I placed a copy of the above OPPOSITION TO COUNTERCLAIMANT'S MOTION FOR ENTRY OF DEFAULT ON COUNTERCLAIM and COUNTERMOTION TO DISMISS COUNTERCLAIM into a sealed envelope and mailed it via regular mail, postage prepaid, addressed to:

Jeremy Tenner
9223 Pembrook Falls
Las Vegas, NV 89148
Defendant/Counterclaimant in Proper Person

/s/ _____
An employee of Wilde & Associates

WILDE & ASSOCIATES
212 S. Jones Blvd
Las Vegas NV 89107
Tel 258-8200  Fax 258-8787

- 10 -