# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

US BANK NA,

        Plaintiff,

v.

JEREMY TENNER,

        Defendant.

2:10-CV-279 JCM (RJJ)

## ORDER

Presently before the court is defendant and counter-claimant Jeremy Tenner's, pro per, motion for entry of clerk's default. (Doc. # 9). Plaintiff and counter-defendant U.S. Bank N.A. (hereinafter "US Bank") filed an opposition (doc. # 11). To date, no reply has been filed.

Also before the court is plaintiff and counter-defendant US Bank's counter-motion to dismiss. (Doc. # 12). To date, no opposition has been filed.

A.    <u>Clerk's Entry of Default</u>

Pursuant to Federal Rule of Civil Procedure 55(a) "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Counter-claimant Tenner asserts that counter-defendant US Bank has failed to defend or respond to his counterclaim within the appropriate time frame, and thus, the clerk should enter default against counter-defendant.

This court finds the motion for clerk's entry of default is not appropriate because counter-defendant US Bank has made an appearance in this case, and by filing a motion to dismiss has

**James C. Mahan**
**U.S. District Judge**

1  defended itself.  Accordingly, an entry of default is not appropriate.

2      B.    Motion to Dismiss Counter-Claim

3      Counter-defendant US Bank seeks to dismiss counter-claimant's claims for relief for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).   Claims for relief that lack a cognizable legal theory or state insufficient facts under a cognizable legal theory may be dismissed as a matter of law. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984).

8      Nevada Local Rule 7-2 provides in pertinent part that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  However, failure to file an opposition to a motion to dismiss is not cause of automatic dismissal.  *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

12      Before dismissing the action, the district court is required to weigh (1) the public's interest in expeditious resolution; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

16      Here, the counterclaims lack any indication of a cognizable legal theory.  Additionally, the factors listed above weigh in favor of dismissal.  The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the lack of prejudice weigh in favor of granting the motion to dismiss.

20      Accordingly,

21      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that counter-defendant US Bank's motion to dismiss (Doc. # 12) be, and the same hereby is, GRANTED, without prejudice.

23      DATED July 16, 2010.

                                                  UNITED STATES DISTRICT JUDGE