UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

US BANK NA,

        Plaintiff,

v.

JEREMY TENNER,

        Defendant.

2:10-CV-279 JCM (RJJ)

## ORDER

Presently before the court is defendant Jeremy Tenner's motion for entry of default on counterclaims. (Doc. #9). Plaintiff U.S. Bank N.A. filed an opposition. (Doc. #11). Defendant failed to file a reply.

Also before the court is defendant's motion to strike the opposition (doc. #11) to the motion for entry of default and the counter-motion to dismiss counterclaims (doc. #12), and request to set show cause hearing. (Doc. #13). Plaintiff filed an opposition. (Doc. #14). Defendant failed to file a reply.

In addition to the above motions, U.S. Bank N.A. filed a counter-motion to dismiss the defendant's counterclaims. (Doc. #12). On July 16, 2010, the court entered an order (doc. #16) granting the motion to dismiss, and held that the "counterclaims lack any indication of a cognizable legal theory." In the order granting the dismissal, the court also addressed the defendant's motion for clerk's entry of default (doc. #9). The court held that the "motion [] [was] not appropriate because counter-defendant US Bank ha[d] made an appearance in this case, and by filing a motion to dismiss ha[d] defended itself." (Doc. #16).

**James C. Mahan**
**U.S. District Judge**

In the present motion to strike the opposition (doc. #13), defendant asserts that the court should strike the opposition (doc. #11) as well as the counter-motion (doc. #12) to dismiss the counterclaims. Further, defendant asserts that the court should hold an order to show cause hearing as to why the plaintiff's counsel should not be held in contempt for failing to obey the court's February 26, 2010, order (doc. #3).

First, as the court previously held that the motion for clerk's default was inappropriate (doc. #16), the motion to strike the opposition is moot. Next, since the court entered an order (doc. #16) granting the motion to dismiss (doc. #12), defendant's motion (doc. #13) to strike the counter-motion to dismiss is moot. Finally, with regards to the defendant's request that the court hold a hearing to show cause, the defendant has not presented any evidence to the court that would support conducting a hearing or possibly holding counsel in contempt.

The defendant asserts that counsel has not complied with the order of the court (doc. #3) which ordered a joint status report to be filed by March 3, 2010. However, defendant has not demonstrated to the court that he tried to contact the plaintiff, and plaintiff has confirmed with the court that defendant never attempted to contact it regarding the joint status report. Further, both parties have sufficiently submitted status reports (doc. #10 and #15) to the court.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Jeremy Tenner's motion for entry of default on counterclaims (doc. #9) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to strike the opposition to the motion for entry of default and the counter-motion to dismiss counterclaims, and request to set show cause hearing (doc. #13) be, and the same hereby is, DENIED.

DATED January 31, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -